Judge Nicholas
delivered the Opinion of the Court.
THE ]ate Colonel Gabriel Slaughter, by his will, emancipated his slave John Young, and declared it to be his further will and desire, that his son John H. Slaughter should furnish John Young with food and raiment dur* ing life. He furthermore appointed John H. Slaughter his executor, and made him valuable devises, which have been accepted.
John Yonng filed his bill against John H. Slaughter, alleging that he had refused to furnish him with food and raiment, as directed by the will, praying that he might be compelled to do so, and for compensation for his failure therein theretofore.
Slaughter admits his refusal and failure, as charged, because Young is able-bodied, and competent, with proper industry, to feed and clothe himself, and insists that the testator did not intend Young should be furnished with food and raiment until he became too old or infirm to procure them by his own industry; and when that shall happen, professes his willingness to comply with the injunction of his father’s will.
The proof is, that Young, though old, is still able, by his labor, to clothe and feed himself; and that it would be worth fifty dollars a year to furnish him with food and raiment.
The circuit court dismissed the bill, because, “by a fair construction of the will, the defendant is not bound to support the complainant, so long as he is able to procure a reasonable subsistence by ordinary labor and industry.”
A testator, by his will, emancipates a servant, and requires that bis son, who is the principal devisee and executor, shall furnish him with food and raiment duringlife: by this will, properly construed, the emancipated servant is, under all circumstances, entitled to victuals and clothes suitable for one in his condition : not. only when he is old and infirm, but while he is well able to support himself by his own industry.
We cannot co ¡cur in this construction. It looks to us more like amending the will, than construing it. The language is simply, that he shall be furnished with food and raiment during life. There is nothing in any part of the will, qualifying the import of this language. The bounty of the testator is not based upon any condition, nor is it to be postponed till the happening of any event whatever, such as the circuit court seems to adduce from it. The defendant insists, in his answer, “that his father could not have intended complainant should set down and do nothing, and be clothed and fed like a gentleman.” We concur with the defendant, that the testator did not intend Young should be clothed and fed like a gentleman, and only like a negro ; but we can find nothing in the testator’s language, to warrant the idea that he was not to be clothed and fed at all, except in the event of his not being able to clothe and feed himself. Clothes and food are not all that would be required to support life comfortably as a freeman. Shelter would also be required ; and the testator might well have intended so to provide for his old servant, as to require no farther exertion from him, than what would be necessary to hire a lodging. But it is a sheer gratuitous assumption, that the testator intended he should labor at all. The same feelings of bounty which prompted his emancipation, might well have suggested the fear, that, from indolence or dissipation, lie would not provide himself with a comfortable support, in which event his emancipation might prove a curse, instead of the boon it was intended to be; and therefore, he determined to secure him a support in despito even of his own folly and vices. Freedom might, or might not, prove a blessing to Young, according as he should use, or abuse it. The testator intended, at all events, to afford him tire chance of improving his condition by its enjoyment. We can understand not only the motive, but also duly appreciate those feelings of a kind master, which would prompt the endeavor to secure his slave against the effects of its abuse, by providing for him, in all events, the indispensable necessaries of life.
*386 The decree must be reversed, with costs, and the cause remanded, with instructions for a decree to bo rendered in favor of the complainant, against the defendant, for a sum to be ascertained by computing at the' rate ^^7 dollars per annum, from October, 1830, till the-time of rendering the decree.